**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GEORGE A. SALDATE, JR., | CASE NO. CV F 09-2089 LJO SMS |
| Plaintiff, | **ORDER ON DEFENDANTS' F.R.Civ.P. 12(b)(6) MOTION TO DISMISS** |
| vs. | (Doc. 18.) |
| WILSHIRE CREDIT CORPORATION, et al., | |
| Defendants. / | |

**INTRODUCTION**

Defendants Wilshire Credit Corporation ("Wilshire"), Mortgage Electronic Registration Systems, Inc. ("MERS") and Wells Fargo Bank ("Wells Fargo")[1] seek to dismiss as meritless, conclusory and time barred plaintiff George A. Saldate, Jr.'s ("Mr. Saldate's") statutory and common law claims arising from a "residential mortgage" for his Fresno property ("property"). Mr. Saldate filed no papers to oppose dismissal of claims against defendants. This Court considered defendants' F.R.Civ.P. 12(b)(6) motion to dismiss on the record and VACATES the February 24, 2010 hearing, pursuant to Local Rule 230(c), (g). For the reasons discussed below, this Court DISMISSES this action against defendants.

---

[1] Wilshire, MERS and Wells Fargo will be referred to collectively as "defendants."

1

# BACKGROUND

## Mr. Saldate's Property Loan

On November 4, 2005, Mr. Saldate completed a loan for the property. The loan terms were memorialized in a promissory note which was secured by a deed of trust ("DOT") on the property. The DOT was recorded on November 22, 2005[2] and identifies defendant WMC Mortgage Corp. ("WMC") as lender, Westwood Associates as trustee, and MERS as beneficiary.

By a Corporate Assignment of Mortgage/Deed of Trust recorded on February 4, 2008, MERS assigned the DOT to Wells Fargo. By a Substitution of Trustee recorded on April 1, 2008, defendant Quality Loan Service Corporation ("Quality") substituted as trustee for Westwood Associates. Quality filed a Notice of Default and Election to Sell under Deed of Trust, which was recorded on March 6, 2009. The property has neither been sold nor advertised for sale.

## Mr. Saldate's Claims

On December 1, 2009, Mr. Saldate filed his complaint ("complaint") to allege statutory and common law claims (addressed in greater detail below) arising from moving and other defendants' "negligent, fraudulent and unlawful conduct concerning a residential mortgage loan transaction with the Plaintiff." The complaint alleges that moving and other defendants "developed a scheme to rapidly infuse capital into the home mortgage lending system by selling mortgages on the secondary market, normally three to five times, to create a bankruptcy remote transaction." According to the complaint, "[n]o legal transfer of the Mortgage Note, Deed of Trust or any other interest in Plaintiff's Property was ever effected that gave any of the Defendants the right to be named a trustee, mortgagee, beneficiary or an authorized agent of trustee, mortgagee or beneficiary of Plaintiff [sic] Mortgage Note, Deed of Trust of any other interest in Plaintiff's Property." The complaint further alleges that moving and other defendants "are not the real parties in interest because they are not the legal trustee, mortgagee or beneficiary, nor are they authorized agents of the trustee, mortgagee or beneficiary, nor are they in possession of the Note, or holders of the Note, or non-holders of the Note entitled to payment."

The complaint seeks an injunction on "collecting on the subject Loan and from causing the

---

[2] All documents pertaining to Mr. Saldate's loans were recorded with the Fresno County Recorder.

Property to be sold" and compensatory, statutory and punitive damages.

## DISCUSSION

### F.R.Civ.P. 12(b)(6) Motion To Dismiss Standards

Defendants characterize the complaint as "nothing more than conclusory allegations and rejected interpretations of law in a garbled pleading."

A F.R.Civ.P. 12(b)(6) motion to dismiss is a challenge to the sufficiency of the pleadings set forth in the complaint. "When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheurer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683 (1974); *Gilligan v. Jamco Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). A F.R.Civ.P. 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990); *Graehling v. Village of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995).

In resolving a F.R.Civ.P. 12(b)(6) motion, a court must: (1) construe the complaint in the light most favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine whether plaintiff can prove any set of facts to support a claim that would merit relief. *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337-338 (9th Cir. 1996). Nonetheless, a court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Sciences Securities Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted). A court need not permit an attempt to amend a complaint if "it determines that the pleading could not possibly be cured by allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted). Moreover, a court "will dismiss any claim that, even when construed in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action."

*Student Loan Marketing Ass'n v. Hanes*, 181 F.R.D. 629, 634 (S.D. Cal. 1998). In practice, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562, 127 S.Ct. at 1969 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

In *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937,1949 (2009), the U.S. Supreme Court recently explained:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.
>
> . . . Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. (Citation omitted.)

Moreover, a limitations defense may be raised by a F.R.Civ.P. 12(b)(6) motion to dismiss. *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980); *see Avco Corp. v. Precision Air Parts, Inc.*, 676 F.2d 494, 495 (11th Cir. 1982), *cert. denied*, 459 U.S. 1037, 103 S.Ct. 450 (1982). A F.R.Civ.P. 12(b)(6) motion to dismiss may raise the limitations defense when the statute's running is apparent on the complaint's face. *Jablon*, 614 F.2d at 682. If the limitations defense does not appear on the complaint's face and the trial court accepts matters outside the pleadings' scope, the defense may be raised by a motion to dismiss accompanied by affidavits. *Jablon*, 614 F.2d at 682; *Rauch v. Day and Night Mfg. Corp.*, 576 F.2d 697 (6th Cir. 1978).

For a F.R.Civ.P. 12(b)(6) motion, a court generally cannot consider material outside the complaint. *Van Winkle v. Allstate Ins. Co.*, 290 F.Supp.2d 1158, 1162, n. 2 (C.D. Cal. 2003). Nonetheless, a court may consider exhibits submitted with the complaint. *Van Winkle*, 290 F.Supp.2d at 1162, n. 2. In addition, a "court may consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). A court may treat such a document as "part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir.2003). Such consideration prevents "plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting reference to documents upon which their claims are

4

1 based." *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998).[3]  A "court may disregard allegations in the complaint if contradicted by facts established by exhibits attached to the complaint." *Sumner Peck Ranch v. Bureau of Reclamation*, 823 F.Supp. 715, 720 (E.D. Cal. 1993) (citing *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir.1987)).  Moreover, "judicial notice may be taken of a fact to show that a complaint does not state a cause of action."  *Sears, Roebuck & Co. v. Metropolitan Engravers, Ltd.*, 245 F.2d 67, 70 (9th Cir. 1956); *see Estate of Blue v. County of Los Angeles*, 120 F.3d 982, 984 (9th Cir. 1997).  A court properly may take judicial notice of matters of public record outside the pleadings'" and consider them for purposes of the motion to dismiss.  *Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988) (citation omitted).

As such, this Court is able to consider Mr. Saldate's pertinent loan and related documents.

**Rosenthal Fair Debt Collection Practices Act**

The complaint's second claim against Wilshire is entitled "Violation of California Rosenthal Act California Civil Code § 1788 et seq."  The claim alleges that Wilshire "used unfair and unconscionable means to collect a debt not owed to Defendant Wilshire or its principal by sending deceptive letters and making phone calls to Plaintiff demanding payment."  The claim further alleges that Wilshire "made false reports to credit reporting agencies about Plaintiff's credit standing."

Wilshire faults the claim's failure to allege that Wilshire is a debt collector under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code, §§ 1788, et seq., in that Wilshire, as a loan servicer, is authorized to enforce the DOT beneficiary's security interest.  Wilshire notes that the RFDCPA does not prevent a creditor to enforce its security interest under a deed of trust because property foreclosure does not support a fair debt collection claim.

The RFDCPA's purpose is "to prohibit debt collectors from engaging in unfair or deceptive practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts."  Cal. Civ. Code, § 1788.1(b).  The RFDCPA defines "debt collector" as "any person who, in the ordinary course of business, regularly, on behalf of himself or herself or others,

---

[3] "We have extended the 'incorporation by reference' doctrine to situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (citing *Parrino*, 146 F.3d at 706).

5

engages in debt collection." Cal. Civ. Code, § 1788.2(c). "[F]oreclosure does not constitute debt collection under the RFDCPA." *Izenberg v. ETS Services, LLC*, 589 F.Supp.2d 1193, 1199 (C.D. Cal. 2008). The "law is clear that foreclosing on a property pursuant to a deed of trust is not a debt collection within the meaning of the RFDCPA or the FDCA [Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq.]." *Gamboa v. Trustee Corps*, 2009 WL 656285, * 4 (N.D. Cal. 2009). As this Court has explained previously, "[l]ogic suggests that non-judicial foreclosure is not a debt collector's act under California Civil Code section 1788.2(c)." *Swanson v. ECM Mortgage Corp.*, 2009 WL 3627925 (E.D. Cal. 2009).

The RFDCPA claim is barred in that complaint points to only non-judicial foreclosure. Moreover, the claim is doomed with failure to allege specific RFDCPA violations or violated RFDCPA sections. The RFDCPA claim is subject to dismissal.

### **Negligence**

The complaint's (third) negligence claim alleges that "Wilshire breached their [sic] duty of care to the Plaintiff when they [sic] took payments to which they [sic] were not entitled, charged fees they [sic] were not entitled to charge, and wrongfully made or otherwise authorized negative reporting of Plaintiff's creditworthiness to various credit bureaus." The claim further alleges that "MERS and Wells Fargo owed Plaintiff a duty to perform its administrative function recording, maintaining and transferring documents as it relates to Plaintiff's loan in a manner not to cause Plaintiff harm."

Defendants fault the claim's absence of a cognizable duty.

"The elements of a cause of action for negligence are (1) a legal duty to use reasonable care, (2) breach of that duty, and (3) proximate [or legal] cause between the breach and (4) the plaintiff's injury." *Mendoza v. City of Los Angeles*, 66 Cal.App.4th 1333, 1339, 78 Cal.Rptr.2d 525 (1998) (citation omitted). "The existence of a duty of care owed by a defendant to a plaintiff is a prerequisite to establishing a claim for negligence." *Nymark v. Heart Fed. Savings & Loan Assn.*, 231 Cal.App.3d 1089, 1095, 283 Cal.Rptr. 53 (1991). "The existence of a legal duty to use reasonable care in a particular factual situation is a question of law for the court to decide." *Vasquez v. Residential Investments, Inc.*, 118 Cal.App.4th 269, 278, 12 Cal.Rptr.3d 846 (2004) (citation omitted).

"The 'legal duty' of care may be of two general types: (a) the duty of a person to use ordinary care

in activities from which harm might reasonably be anticipated [, or] (b) [a]n affirmative duty where the person occupies a particular relationship to others. . . . In the first situation, he is not liable unless he is actively careless; in the second, he may be liable for failure to act affirmatively to prevent harm." *McGettigan v. Bay Area Rapid Transit Dist.*, 57 Cal.App.4th 1011, 1016-1017, 67 Cal.Rptr.2d 516 (1997).

There is no actionable duty between a lender and borrower in that loan transactions are arms-length. A lender "owes no duty of care to the [borrowers] in approving their loan. Liability to a borrower for negligence arises only when the lender 'actively participates' in the financed enterprise 'beyond the domain of the usual money lender.'" *Wagner v. Benson*, 101 Cal.App.3d 27, 35, 161 Cal.Rptr. 516 (1980) (citing several cases). "[A]s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." *Nymark*, 231 Cal.App.3d at 1096, 283 Cal.Rptr. 53; *see Myers v. Gurantee Sav. & Loan Assn.*, 79 Cal.App.3d 307, 312, 144 Cal. Rptr. 616 (1978) (no lender liability when lender did not engage "in any activity outside the scope of the normal activities of a lender of construction monies").

"Public policy does not impose upon the Bank absolute liability for the hardships which may befall the [borrower] it finances." *Wagner*, 101 Cal.App.3d at 34, 161 Cal.Rptr. 516. The success of a borrower's investment "is not a benefit of the loan agreement which the Bank is under a duty to protect." *Wagner*, 101 Cal.App.3d at 34, 161 Cal.Rptr. 516 (lender lacked duty to disclose "any information it may have had").

Defendants note the complaint's attempt to impose on defendants "the common law duty of care" based on vague and conclusory allegations. Defendants are correct that the negligence claim lacks facts to support an actionable duty to impose on defendants. "No such duty exists" for a lender "to determine the borrower's ability to repay the loan. . . . The lender's efforts to determine the creditworthiness and ability to repay by a borrower are for the lender's protection, not the borrower's." *Renteria v. United States*, 452 F.Supp.2d 910, 922-923 (D. Ariz. 2006) (borrowers "had to rely on their own judgment and risk assessment to determine whether or not to accept the loan"). Defendants are correct that they lack an independent duty to "perform acts in such a manner as not to cause Plaintiff harm." The complaint

7

lacks facts of special circumstances to impose duties on Wells Fargo in that the complaint depicts an arms-length loan transaction, nothing more. The complaint fails to substantiate a special lending relationship or an actionable breach of duty to substantiate a negligence claim. The negligence claim fails.

## Real Estate Settlement Procedures Act

The complaint's fourth claim attempts to allege that Wilshire violated the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601, et seq. Defendants challenge the claim as time barred and for failure to allege pecuniary loss.

### *No Private Right Of Action For Disclosure Violations*

The RESPA claim accuses Wilshire of failure to provide RESPA disclosures. Defendants note the absence of a private right of action to support such allegation.

RESPA's purpose is to "curb abusive settlement practices in the real estate industry. Such amorphous goals, however, do not translate into a legislative intent to create a private right of action." *Bloom v. Martin*, 865 F.Supp. 1377, 1385 (N.D. Cal. 1994), *aff'd*, 77 F.3d 318 (1996). "The structure of RESPA's various statutory provisions indicates that Congress did not intend to create a private right of action for disclosure violations under 12 U.S.C. § 2603 . . . Congress did not intend to provide a private remedy . . ." *Bloom*, 865 F.Supp. at 1384.

Defendants correctly point out the absence of a private right of action for RESPA disclosure violations to doom the RESPA claim to the extent it is based on disclosure violations.

### *Absence Of Pecuniary Loss*

The RESPA claim asserts that Wilshire failed to respond properly to Mr. Saldate's qualified written request ("QWR").

Defendants fault the RESPA claim's failure to support an actionable 12 U.S.C. § 2605 violation in the absence of allegations of Mr. Saldate's pecuniary loss.

Under RESPA, a QWR is a "written request from the borrower (or an agent of the borrower) for information relating to the servicing of such loan." 12 U.S.C. § 2605(e)(1)(A). Among other things, a QWR must include a "statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought

by the borrower." 12 U.S.C. § 2605(e)(1)(B)(ii).

Defendants note the RESPA claim's conclusory allegation that Mr. Saldate "has suffered and continues to suffer damages" fails to support an actionable violation under 12 U.S.C. 2605. "Whoever fails to comply with this section shall be liable to the borrower . . . [for] any actual damages to the borrower as a result of the failure . . ." 12 U.S.C. § 2605(f)(1)(A).  "However, alleging a breach of RESPA duties alone does not state a claim under RESPA.  Plaintiffs must, at a minimum, also allege that the breach resulted in actual damages."  *Hutchinson v. Delaware Sav. Bank FSB*, 410 F.Supp.2d 374, 383 (D. N.J. 2006).

A purported RESPA claim fails to allege pecuniary loss from Wilshire's failure to respond to a QWR.  Such omission is fatal to the claim's mere reliance on a RESPA violation.  The RESPA claim is doomed in the absence of allegations of Mr. Saldate's identifiable damages attributable to a RESPA violation.

### *Limitations Period*

Defendants challenge the RESPA claim as time barred under the three-year limitations period of 12 U.S.C. § 2614 to seek damages for 12 U.S.C. § 2605 violations.  Defendants note that more than three years have passed since the November 2005 completion of Mr. Saldate's loan.

The complaint lacks allegations to avoid the three-year limitations period to further doom the RESPA claim against Wilshire.

### **Fraud**

The complaint's (sixth) fraud claim alleges that Wilshire misrepresented "the right to collect monies from Plaintiff on its behalf or on behalf of others when Defendant Wilshire had no legal right to collect such monies."  The fraud claims further alleges that MERS misrepresented "on the Deed of Trust that it is a qualified beneficiary with the ability to assign or transfer the Deed of Trust and/or the Note and/or substitute trustees under the Deed of Trust" and that MERS "followed the applicable legal requirements to transfer the Note and Deed of Trust to subsequent beneficiaries."

Defendants fault the fraud claim's absence of sufficient particularity to satisfy F.R.Civ.P. 12(b)(6).

The elements of a California fraud claim are: (1) misrepresentation (false representation,

1 concealment or nondisclosure); (2) knowledge of the falsity (or "scienter"); (3) intent to defraud, i.e.,
2 to induce reliance; (4) justifiable reliance; and (5) resulting damage. *Lazar v. Superior Court*, 12 Cal.4th
3 631, 638, 49 Cal.Rptr.2d 377 (1996). The same elements comprise a cause of action for negligent
4 misrepresentation, except there is no requirement of intent to induce reliance. *Caldo v. Owens-Illinois,*
5 *Inc.*, 125 Cal.App.4th 513, 519, 23 Cal.Rtpr.3d 1 (2004).

6 "[T]o establish a cause of action for fraud a plaintiff must plead and prove in full, factually and
7 specifically, all of the elements of the cause of action." *Conrad v. Bank of America*, 45 Cal.App.4th 133,
8 156, 53 Cal.Rptr.2d 336 (1996). There must be a showing "that the defendant thereby intended to induce
9 the plaintiff to act to his detriment in reliance upon the false representation" and "that the plaintiff
10 actually and justifiably relied upon the defendant's misrepresentation in acting to his detriment."
11 *Conrad*, 45 Cal.App.4th at 157, 53 Cal.Rptr.2d 336. "The absence of any one of these required elements
12 will preclude recovery." *Wilhelm v. Pray, Price, Williams & Russell*, 186 Cal.App.3d 1324, 1332, 231
13 Cal.Rptr. 355 (1986).

14 F.R.Civ.P. 9(b) requires a party to "state with particularity the circumstances constituting fraud."[4]
15 In the Ninth Circuit, "claims for fraud and negligent misrepresentation must meet Rule 9(b)'s
16 particularity requirements." *Neilson v. Union Bank of California, N.A.*, 290 F.Supp.2d 1101, 1141 (C.D.
17 Cal. 2003). A fraud claim must be pled "with a high degree of meticulousness." *Desaigoudar v.*
18 *Meyercord*, 223 F.3d 1020, 1022 (9th Cir. 2000). A court may dismiss a claim grounded in fraud when
19 its allegations fail to satisfy F.R.Civ.P. 9(b)'s heightened pleading requirements. *Vess*, 317 F.3d at 1107.
20 A motion to dismiss a claim "grounded in fraud" under F.R.Civ.P. 9(b) for failure to plead with
21 particularity is the "functional equivalent" of a F.R.Civ.P. 12(b)(6) motion to dismiss for failure to state
22 a claim. *Vess*, 317 F.3d at 1107. As a counter-balance, F.R.Civ.P. 8(a)(2) requires from a pleading "a
23 short and plain statement of the claim showing that the pleader is entitled to relief."

24 F.R.Civ.P. 9(b)'s heightened pleading standard "is not an invitation to disregard Rule 8's

---

[4] F.R.Civ.P. 9(b)'s particularity requirement applies to state law causes of action: "[W]hile a federal court will examine state law to determine whether the elements of fraud have been pled sufficiently to state a cause of action, the Rule 9(b) requirement that the *circumstances* of the fraud must be stated with particularity is a federally imposed rule." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003) (quoting *Hayduk v. Lanna*, 775 F.2d 441, 443 (1st Cir. 1995)(italics in original)).

requirement of simplicity, directness, and clarity" and "has among its purposes the avoidance of unnecessary discovery." *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996). F.R.Cvi.P. 9(b) requires "specific" allegations of fraud "to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985). "A pleading is sufficient under Rule 9(b) if it identifies the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." *Neubronner v. Milken*, 6 F.3d 666, 671-672 (9th Cir. 1993) (internal quotations omitted; citing *Gottreich v. San Francisco Investment Corp.*, 552 F.2d 866, 866 (9th Cir. 1997)). The Ninth Circuit has explained:

> Rule 9(b) requires particularized allegations of the circumstances *constituting* fraud. The time, place and content of an alleged misrepresentation may identify the statement or the omission complained of, but these circumstances do not "constitute" fraud. The statement in question must be false to be fraudulent. Accordingly, our cases have consistently required that circumstances indicating falseness be set forth. . . . [W]e [have] observed that plaintiff must include statements regarding the time, place, and *nature* of the alleged fraudulent activities, and that "mere conclusory allegations of fraud are insufficient." . . . The plaintiff must set forth what is false or misleading about a statement, and why it is false. In other words, the plaintiff must set forth an explanation as to why the statement or omission complained of was false or misleading. . . .
>
> In certain cases, to be sure, the requisite particularity might be supplied with great simplicity.

*In Re Glenfed, Inc. Securities Litigation*, 42 F.3d 1541, 1547-1548 (9th Cir. 1994) (en banc) (italics in original) *superseded by statute on other grounds as stated in Marksman Partners, L.P. v. Chantal Pharm. Corp.*, 927 F.Supp. 1297 (C.D. Cal. 1996); *see Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997) (fraud allegations must be accompanied by "the who, what, when, where, and how" of the misconduct charged); *Neubronner*, 6 F.3d at 672 ("The complaint must specify facts as the times, dates, places, benefits received and other details of the alleged fraudulent activity.")

As to multiple fraud defendants, a plaintiff "must provide each and every defendant with enough information to enable them 'to know what misrepresentations are attributable to them and what fraudulent conduct they are charged with.'" *Pegasus Holdings v. Veterinary Centers of America, Inc.*, 38 F.Supp.2d 1158, 1163 (C.D. Ca. 1998) (quoting *In re Worlds of Wonder Sec. Litig.*, 694 F.Supp. 1427, 1433 (N.D. Ca. 1988)). "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but 'require[s] plaintiffs to differentiate their allegations when suing more than one defendant

. . . and inform each defendant separately of the allegations surrounding his alleged participation in the fraud.'" *Swartz v. KPMG LLP*, 476 F.3d 756, 764-765 (9th Cir. 2007) (quoting *Haskin v. R.J. Reynolds Tobacco Co.*, 995 F.Supp. 1437, 1439 (M.D. Fla. 1998)). "In the context of a fraud suit involving multiple defendants, a plaintiff must, at a minimum, 'identif[y] the role of [each] defendant[] in the alleged fraudulent scheme." *Swartz*, 476 F.3d at 765 (quoting *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 541 (9th Cir. 1989)).

Moreover, in a fraud action against a corporation, a plaintiff must "allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written." *Tarmann v. State Farm Mut. Auto. Ins. Co.* 2 Cal.App.4th 153, 157, 2 Cal.Rptr.2d 861 (1991).

The complaint is severely lacking and fails to satisfy F.R.Civ.P. 9(b) "who, what, when, where and how" requirements as to defendants. The complaint makes no effort to allege names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written. The complaint fails to substantiate the circumstances alleging falseness attributable to defendants. The complaint lacks facts to support each fraud element. The fraud claim's deficiencies are so severe to suggest no potential improvement from an attempt to amend.

Defendants further take issue with the complaint's allegation that MERS "has no beneficial interest or right to enforce the terms of the Promissory Note, because it is not in possession of the Promissory Note, and has no authority to conduct a non-judicial foreclosure sale." Defendants challenge claims that MERS is not registered to do business in California.

Defendants provide a California Secretary of State listing that MERS is a current active corporation in California. Defendants note that courts have recognized that MERS "is fully entitled to exercise foreclosure rights or take other action consistent with rights granted to it under a deed of trust." Defendants point out that MERS, as the lender's nominee, acted as the DOT beneficiary and properly assigned the DOT to Wells Fargo. If a borrower defaults on a loan and the deed of trust contains a power of sale clause, the lender may non-judicially foreclose. *See McDonald v. Smoke Creek Live Stock Co.*, 209 Cal. 231, 236-237, 286 P. 693 (1930). The complaint's conclusory allegations as to MERS lack

sufficient factual support to render the allegations unworthy of consideration.

## **Unfair Competition Law**

The complaint's seventh claim alleges that "Wilshire's violation of the Rosenthal Act, RESPA, their [sic] negligence, fraud and illegal foreclosure activities, as alleged herein, constitute unlawful, unfair, and/or fraudulent business practices," as defined in California Business and Professions Code, §§ 17200, et seq. (Unfair Competition Law ("UCL")).  The claim further alleges that "MERS' negligence, fraud and illegal foreclosure activities, alleged herein, constitute unlawful, unfair, and/or fraudulent business practices" as defined by the UCL.

### *Standing*

Defendants challenge Mr. Saldate's standing to pursue a UCL claim in absence of allegations of "facts as to the money or property Plaintiff allegedly lost as a result of any purported violation" of the UCL.

California Business and Professions Code section 17204 limits standing to bring a UCL claim to specified public officials and a private person "who has suffered injury in fact and has lost money or property as a result of the unfair competition."

Business and Professions Code section 17203 addresses UCL relief and provides in pertinent part:

> Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments . . . as may be necessary to restore to any person in interest any **money or property**, real or personal, which may have been acquired by means of such unfair competition.  (Bold added.)

Defendants correctly note the complaint's absence of facts of Mrs Saldate's money or property allegedly lost due to a UCL violation.  The UCL claim offers an insufficient, bare allegation that "Plaintiff has suffered various damages and injuries according to proof at trial."  The complaint lacks sufficient allegations of Mr. Saldate's standing to warrant dismissal of the UCL claim.

### *Unfair, Fraudulent Or Deceptive Business Practices*

Defendants challenge the complaint's absence of allegations of wrongdoing to support a UCL claim.

"Unfair competition is defined to include 'unlawful, unfair or fraudulent business practice and

13

unfair, deceptive, untrue or misleading advertising.'" *Blank v. Kirwan*, 39 Cal.3d 311, 329, 216 Cal.Rptr. 718 (1985) (quoting Cal. Bus. & Prof. Code, § 17200). The UCL establishes three varieties of unfair competition – "acts or practices which are unlawful, or unfair, or fraudulent." *Shvarts v. Budget Group, Inc.*, 81 Cal.App.4th 1153, 1157, 97 Cal.Rptr.2d 722 (2000). An "unlawful business activity" includes anything that can properly be called a business practice and that at the same time is forbidden by law. *Blank*, 39 Cal.3d at 329, 216 Cal.Rptr. 718 (citing *People v. McKale,* 25 Cal.3d 626, 631-632, 159 Cal.Rptr. 811, 602 P.2d 731 (1979)).

The UCL prohibits "unlawful" practices "forbidden by law, be it civil or criminal, federal, state, or municipal, statutory, regulatory, or court-made." *Saunders v. Superior Court*, 27 Cal.App.4th 832, 838, 33 Cal.Rptr.2d 548 (1999). According to the California Supreme Court, the UCL "borrows" violations of other laws and treats them as unlawful practices independently actionable under the UCL. *Farmers Ins. Exchange v. Superior Court,* 2 Cal.4th 377, 383, 6 Cal.Rptr.2d 487 (1992).

"Unfair" under the UCL "means conduct that threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition." *Cal-Tech Communications, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal.4th 163, 187, 83 Cal.Rptr.2d 548 (1999).

The "fraudulent" prong under the UCL requires a plaintiff to "show deception to some members of the public, or harm to the public interest," *Watson Laboratories, Inc. v. Rhone-Poulenc Rorer, Inc.,* 178 F.Supp.2d 1099, 1121 (C.D. Ca. 2001), or to allege that "members of the public are likely to be deceived." *Medical Instrument Development Laboratories v. Alcon Laboratories*, 2005 WL 1926673, at *5 (N.D. Cal. 2005).

"A plaintiff alleging unfair business practices under these statutes [UCL] must state with reasonable particularity the facts supporting the statutory elements of the violation." *Khoury v. Maly's of California, Inc.*, 14 Cal.App.4th 612, 619, 17 Cal.Rptr.2d 708 (1993).

A fellow district court has explained the borrowing of a violation of law other than the UCL:

> To state a claim for an "unlawful" business practice under the UCL, a plaintiff must assert the violation of any other law. *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal.4th 163, 180, 83 Cal.Rptr.2d 548, 973 P.2d 527 (1999) (stating, "By proscribing 'any unlawful' business practice, section 17200 'borrows' violations of other law and treats them as unlawful practices that the unfair competition

law makes independently actionable.") (citation omitted). Where a plaintiff cannot state a claim under the "borrowed" law, she cannot state a UCL claim either. *See, e.g., Smith v. State Farm Mutual Automobile Ins. Co.*, 93 Cal.App.4th 700, 718, 113 Cal.Rptr.2d 399 (2001). Here, Plaintiff has predicated her "unlawful" business practices claim on her TILA claim. However, as discussed above, Plaintiff's attempt to state a claim under TILA has failed. Accordingly, Plaintiff has stated no "unlawful" UCL claim.

*Rubio v. Capital One Bank (USA), N.A.*, 572 F.Supp.2d 1157, 1168 (C.D. Cal. 2008).

Defendants are correct that the complaint is "insufficient to establish that Defendants engaged in any 'unfair' business practices within the meaning of Section 17200." In the absence of violation of TILA, RESPA or other borrowed law, a UCL claim fails in that it cannot rest, as defendants note, on "alleged irregularities in the loan transaction." The complaint points to no predicate violation of law. The complaint is deficient to allege that defendants engaged in unfair practices subject to the UCL. The complaint lacks reasonable particularity of facts to support a UCL claim. The complaint's bare reference to TILA, RESPA and common law claims provides not the slightest inference that Mr. Saldate has a viable UCL claim. Similar to the fraud claim, the UCL claim lacks particularity of fraudulent circumstances, such as a misrepresentation, for a UCL claim. The complaint lacks allegations of ongoing wrongful business conduct or a pattern of such conduct. The complaint lacks facts to hint at a wrong subject to the UCL to warrant the UCL claim's dismissal against WMC.

### **Wrongful Foreclosure**

The complaint's (tenth) wrongful foreclosure claim alleges that defendants are not entitled to utilize non-judicial foreclosure "to wrongfully convert Plaintiff's Property" in the absence of their possession of Mr. Saldate's promissory note. The claim also accuses defendants of failure "to give proper notice of the Notice of Default."

Defendants fault the wrongful foreclosure claim as "premature" in the absence of a foreclosure sale. Defendants further challenge the claim based on Mr. Saldate's failure to tender amounts owed.

"Financing or refinancing of real property is generally accomplished in California through a deed of trust. The borrower (trustor) executes a promissory note and deed of trust, thereby transferring an interest in the property to the lender (beneficiary) as security for repayment of the loan." *Bartold v. Glendale Federal Bank,* 81 Cal.App.4th 816, 821, 97 Cal.Rptr.2d 226 (2000). A deed of trust "entitles the lender to reach some asset of the debtor if the note is not paid." *Alliance Mortgage Co. v. Rothwell,*

10 Cal.4th 1226, 1235, 44 Cal.Rptr.2d 352 (1995).

If a borrower defaults on a loan and the deed of trust contains a power of sale clause, the lender may non-judicially foreclose. *See McDonald v. Smoke Creek Live Stock Co.*, 209 Cal. 231, 236-237, 286 P. 693 (1930). The California Court of Appeal has explained non-judicial foreclosure under California's statutory scheme:

> The comprehensive statutory framework established to govern nonjudicial foreclosure sales is intended to be exhaustive. . . . It includes a myriad of rules relating to notice and right to cure. It would be inconsistent with the comprehensive and exhaustive statutory scheme regulating nonjudicial foreclosures to incorporate another unrelated cure provision into statutory nonjudicial foreclosure proceedings.

*Moeller v. Lien,* 25 Cal.App.4th 822, 834, 30 Cal.Rptr.2d 777 (1994); *see I.E. Assoc. v. Safeco Title Ins. Co.*, 39 Cal.3d 281, 285, 216 Cal.Rptr. 438 (1985) ("These provisions cover every aspect of exercise of the power of sale contained in a deed of trust.")

Under California Civil Code section 2924(a)(1), a "trustee, mortgagee or beneficiary or any of their authorized agents" may conduct the foreclosure process. Under California Civil Code section 2924b(4), a "person authorized to record the notice of default or the notice of sale" includes "an agent for the mortgagee or beneficiary, an agent of the named trustee, any person designated in an executed substitution of trustee, or an agent of that substituted trustee." "Upon default by the trustor, the beneficiary may declare a default and proceed with a nonjudicial foreclosure sale." *Moeller*, 25 Cal.App.4th at 830, 30 Cal.Rptr.2d 777.

A "trustee or mortgagee may be liable to the trustor or mortgagor for damages sustained where there has been an illegal, fraudulent or wilfully oppressive sale of property under a power of sale contained in a mortgage or deed of trust." *Munger v. Moore*, 11 Cal.App.3d 1, 7, 89 Cal.Rptr. 323 (1970).

"Under Civil Code section 2924, no party needs to physically possess the promissory note." *Sicairos v. NDEX West, LLC*, 2009 WL 385855, *3 (S.D. Cal. 2009) (citing Cal. Civ. Code, § 2924(a)(1)). Rather, "[t]he foreclosure process is commenced by the recording of a notice of default and election to sell by the trustee." *Moeller*, 25 Cal.App.4th at 830, 30 Cal.Rptr.2d 777. An "allegation that the trustee did not have the original note or had not received it is insufficient to render the foreclosure proceeding invalid." *Neal v. Juarez*, 2007 WL 2140640, *8 (S.D. Cal. 2007).

Mr. Saldate's challenge to produce his original note is unsupported. The complaint alleges no facts of failure to comply with the statutory scheme for non-judicial foreclosure. A purported unlawful foreclosure claim fails as a matter of law.

In addition, Mr. Saldate's default suggests an inability to tender amounts owed.

"A tender is an offer of performance made with the intent to extinguish the obligation." *Arnolds Management Corp. v. Eischen*, 158 Cal.App.3d 575, 580, 205 Cal.Rptr. 15 (1984) (citing Cal. Civ. Code, § 1485); *Still v. Plaza Marina Commercial Corp.,* 21 Cal.App.3d 378, 385, 98 Cal.Rptr. 414 (1971). "A tender must be one of full performance . . . and must be unconditional to be valid." *Arnolds Management*, 158 Cal.App.3d at 580, 205 Cal.Rptr. 15.

A defaulted borrower is "required to allege tender of the amount of [the lender's] secured indebtedness in order to maintain any cause of action for irregularity in the sale procedure." *Abdallah v. United Savings Bank*, 43 Cal.App.4th 1101, 1109, 51 Cal.Rptr.2d 286 (1996), *cert. denied*, 519 U.S. 1081, 117 S.Ct. 746 (1997). In *FPCI RE-HAB 01 v. E & G Investments, Ltd.*, 207 Cal.App.3d 1018, 1021, 255 Cal.Rptr. 157 (1989), the California Court of Appeal has explained:

> . . . generally "an action to set aside a trustee's sale for irregularities in sale notice or procedure should be accompanied by an offer to pay the full amount of the debt for which the property was security." . . . . This rule . . . is based upon the equitable maxim that a court of equity will not order a useless act performed. . . . "A valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust." . . . The rationale behind the rule is that if plaintiffs could not have redeemed the property had the sale procedures been proper, any irregularities in the sale did not result in damages to the plaintiffs. (Citations omitted.)

An action to set aside a foreclosure sale, unaccompanied by an offer to redeem, does not state a cause of action which a court of equity recognizes. *Karlsen v. American Sav. & Loan Assn.*, 15 Cal.App.3d 112, 117, 92 Cal.Rptr. 851 (1971). The basic rule is that an offer of performance is of no effect if the person making it is not able to perform. *Karlsen*, 15 Cal.App.3d at 118, 92 Cal.Rptr. 851 (citing Cal. Civ. Code, § 1495.) Simply put, if the offeror "is without the money necessary to make the offer good and knows it" the tender is without legal force or effect. *Karlsen*, 15 Cal.App.3d at 118, 92 Cal.Rptr. 851 (citing several cases). "It would be futile to set aside a foreclosure sale on the technical ground that notice was improper, if the party making the challenge did not first make full tender and thereby establish his ability to purchase the property." *United States Cold Storage v. Great Western*

*Savings & Loan Assn.,* 165 Cal.App.3d 1214, 1224, 212 Cal.Rptr. 232 (1985); *see Abdallah*, 43 Cal.App.3d at 1109, 51 Cal.Rptr.2d 286 (the tender rule applies to "any cause of action for irregularity in the sale procedure").

Moreover, to obtain "rescission or cancellation, the rule is that the complainant is required to do equity, as a condition to his obtaining relief, by restoring to the defendant everything of value which the plaintiff has received in the transaction. . . . The rule applies although the plaintiff was induced to enter into the contract by the fraudulent representations of the defendant." *Fleming v. Kagan*, 189 Cal.App.2d 791, 796, 11 Cal.Rptr. 737 (1961). "A valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust." *Karlsen,* 15 Cal.App.3d at 117, 92 Cal.Rptr. 851.

"The rules which govern tenders are strict and are strictly applied." *Nguyen v. Calhoun*, 105 Cal.App.4th 428, 439, 129 Cal.Rptr.2d 436 (2003). "The tenderer must do and offer everything that is necessary on his part to complete the transaction, and must fairly make known his purpose without ambiguity, and the act of tender must be such that it needs only acceptance by the one to whom it is made to complete the transaction." *Gaffney v. Downey Savings & Loan Assn.,* 200 Cal.App.3d 1154, 1165, 246 Cal.Rptr. 421 (1988). The debtor bears "responsibility to make an unambiguous tender of the entire amount due or else suffer the consequence that the tender is of no effect." *Gaffney*, 200 Cal.App.3d at 1165, 246 Cal.Rptr. 421.

Defendants are correct that the complaint does not allege that Mr. Saldate "tendered the full amount that is owed under the loan." The absence of an allegation of ability to tender amounts owed dooms a purported wrongful foreclosure claim. Mr. Saldate's inability to make monthly payments reflects inability to tender amounts owed to bar a claim to challenge foreclosure.

### Alternative F.R.Civ.P. 12(e) Motion For More Definite Statement

With dismissal of Mr. Saldate's claims, this Court need not address defendant's alternative F.R.Civ.P. 12(e) motion for a more definite statement.

### Attempt At Amendment And Malice

Mr. Saldate's claims against defendants are insufficiently pled and barred as a matter of law. Mr. Saldate is unable to cure his claims by allegation of other facts and thus is not granted an attempt to

1  amend.

2  Moreover, this Court is concerned that Mr. Saldate has brought this action in absence of good
3  faith and that Mr. Saldate exploits the court system solely for delay or to vex defendants.  The test for
4  maliciousness is a subjective one and requires the court to "determine the . . . good faith of the
5  applicant." *Kinney v. Plymouth Rock Squab Co.*, 236 U.S. 43, 46 (1915); *see Wright v. Newsome*, 795
6  F.2d 964, 968, n. 1 (11th Cir. 1986); *cf. Glick v. Gutbrod*, 782 F.2d 754, 757 (7th Cir. 1986) (court has
7  inherent power to dismiss case demonstrating "clear pattern of abuse of judicial process").  A lack of
8  good faith or malice also can be inferred from a complaint containing untrue material allegations of fact
9  or false statements made with intent to deceive the court.  *See Horsey v. Asher*, 741 F.2d 209, 212 (8th
10 Cir. 1984).  An attempt to vex or delay provides further grounds to dismiss this action against
11 defendants.

## CONCLUSION AND ORDER

For the reasons discussed above, this Court:

1. DISMISSES with prejudice this action against defendants;
2. DIRECTS the clerk to enter judgment against plaintiff George A. Saldate, Jr. and in favor of defendants Wilshire Credit Corporation, Mortgage Electronic Registration Systems, Inc. and Wells Fargo Bank and in that there is no just reason to delay to enter such judgment given that Mr. Saldate's claims against Wilshire, MERS and Wells Fargo are clear and distinct from claims against the other defendants.  *See* F.R.Civ.P. 54(b); and
3. ORDERS Mr. Saldate's counsel, no later than February 22, 2010 to file papers to show cause why this Court should not dismiss this action against defendants Valley Wide Home Loans, Craig H. Barton and Norfilia Garza.

**This Court ADMONISHES Mr. Saldate and his counsel that this Court will dismiss this action against defendants Valley Wide Home Loans, Craig H. Barton and Norfilia Garza if Mr. Saldate's counsel fails to comply with this order and fails to file timely papers to show cause why this Court should not dismiss this action against defendants Valley Wide Home Loans, Craig H.**

/ / /

/ / /

1  **Barton and Norfilia Garza.**

2          IT IS SO ORDERED.

3  **Dated:     February 11, 2010**                    /s/ Lawrence J. O'Neill
                                                    UNITED STATES DISTRICT JUDGE